IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **MICHAEL MERRITT KOSTENKO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:07-0462 |
| | ) | |
| **MOHAMMAD RANAVAYA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Plaintiff, a doctor of osteopathy licenced in West Virginia and a provider of medical services through the West Virginia Workers' Compensation Commission between 1990 and early 2005, acting *pro se*, filed a 189 page Complaint initiating this action on July 27, 2007. (Document No. 1.)[1] On August 2, 2007, Plaintiff filed a 191 page Amended Complaint. (Document No. 4.) Plaintiff names 22 Defendants alleging that, comprising several components (political, industrial, insurance, medical, law firm, etc.), they formed an enterprise and engaged in a risk management scheme to "limit the cost of occupational disease and environmental disease by the fraudulent concealment of occupational toxicant hazards inherent to industry in West Virginia, and the fraudulent concealment of the evidence of worker occupational disease." Id., p. 9. Thus, Plaintiff asserts, Defendants have violated the Racketeer Influenced and Corrupt Organization Act [RICO], 18 §§ 1961, *et seq*.[2] In

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] 18 U.S.C. § 1962(c) states that

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or activities of which affect, interstate or foreign commerce, to conduct

conjunction with this scheme, Plaintiff alleges in 27 counts, which he calls "acts of extortion under color of official right", that Defendants terminated him as a provider of medical services through the Workers' Compensation Commission and denied Workers' Compensation claims through fraudulent official and legal proceedings. Id., pp. 185 - 189. Plaintiff seeks monetary and injunctive relief. Id., pp. 190 - 191.

In response to Plaintiff's Amended Complaint, the Defendants have filed Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as follow:

1. Jackson Kelly PLLC's Motion to Dismiss and Memorandum in Support (Document Nos. 6 and 7.);

2. Mohammad Ranavaya, M.D.'s and the American Board of Independent Medical Evaluation, Inc.'s Motion to Dismiss and Memorandum in Support (Document Nos. 9 and 10.)

3.
4. Peabody Investment Corp.'s and Eastern Associated Coal, LLC's Motion to Dismiss and Memorandum in Support (Document Nos. 13 and 14.);

5. Brickstreet Insurance's Motion to Dismiss and Memorandum in Support (Document Nos. 15 and 16.);

6. Gregory S. Burton's, Thomas J. Obrakta, Jr.s, James B. Becker's and Randall L. Short's Motion to Dismiss and Memorandum in Support (Document Nos. 17 and 18.);

7. West Virginia Manufacturers Association's Motion to Dismiss and Memorandum in Support (Document Nos. 19 and 20.);

8. National Institute of Chemical Studies' Motion to Dismiss and Memorandum in Support (Document Nos. 21 and 22.);

---

or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

9. Massey Coal's Motion to Dismiss and Memorandum in Support (Document Nos. 23 and 24.);

10. Bowles, Rice, McDavid, Graff and Love's and Bob Kiss' Motion to Dismiss and Memorandum in Support (Document Nos. 26 and 27.);

11. Christopher J. Martin's and Edward J. Doyle's Motion to Dismiss and Memorandum in Support (Document Nos. 28 and 29.);

12. Darrell McGraw's Motion to Dismiss and Memorandum in Support (Document Nos. 33 and 34.); and

13. Chemical Alliance Zone's Motion to Dismiss and Memorandum in Support (Document No. 39.)

Jackson Kelly PLLC asserts the litigation privilege based upon the West Virginia Supreme Court's decision in Clark v. Druckman, 218 W.Va. 427, 624 S.E.2d 864 (2005), and "immunity for actions taken in the zealous representation of its clients." (Document No. 7, p. 4.) Dr. Ranavaya and the American Board of Independent Medical Evaluators, Inc., asserts the litigation privilege and no allegation that he "had any authority to terminate [Plaintiff's] provider status." (Document No. 10, p. 5.) Eastern Associated Coal and Peabody Investment Corp. assert that Plaintiff has failed to identify an enterprise comprised of and distinct from the "persons" named as Defendants and therefore has failed to state a claim under RICO; having failed to state a RICO claim, Plaintiff has failed to state a conspiracy claim; Plaintiff has failed to allege that Eastern or Peabody accomplished or conspired to accomplish a predicate act; Plaintiff has failed to plead a direct injury to business or property resulting from Eastern's or Peabody's conduct; Plaintiff has failed to plead a pattern of racketeering activity; and Plaintiff has not pled mail or wire fraud with or without particularity. (Document No. 14.) Brickstreet Insurance asserts that Plaintiff has failed to plead that it was a part of an enterprise or conspiracy and engaged in a pattern of racketeering activity and therefore has not stated a claim under RICO. (Document No. 16.) Gregory S. Burton, Thomas J. Obrakta, Jr., James

B. Becker and Randall L. Short, the Brickstreet Employee Defendants, assert that Plaintiff has failed to plead that they were a part of an enterprise or conspiracy and engaged in a pattern of racketeering activity and therefore has failed to state a claim under RICO. (Document No. 18.) West Virginia Manufacturers Association makes the same claim. (Document No. 20.) The National Institute for Chemical Studies asserts that "Plaintiff's claims seem to focus on the substantive and procedural due process rights in the Commission proceedings to terminate his provider status and the definition and application of 'occupational disease' claims under the West Virginia Workers' Compensation Act. Aside from the lack of standing of Plaintiff to assert claims on behalf of injured workers generally, there is no nexus between any of these claims and NICS." (Document No. 22, p. 3.) Massey Energy company raises the same issues as Eastern and Peabody and further contends that it was not properly served with the Summons and Amended Complaint. (Document No. 24.) Bowles, Rice, McDavid, Graff and Love and Bob Kiss assert the litigation privilege and that Plaintiff has failed to allege an enterprise, any predicate act or pattern of racketeering activity as required under RICO. (Document No. 27.) Dr. Doyle and Dr. Martin assert that Plaintiff has failed to allege that they were part of any enterprise and engaged in a pattern of racketeering activity. (Document No. 29.) Attorney General McGraw asserts that Plaintiff failed to give him pre-suit notice as required under W.Va. Code § 55-17-3(a)(1); he is immune from suit under the Eleventh Amendment of the United States Constitution and Article VI, Section 35 of the West Virginia Constitution; actions of his employees are subject to the litigation privilege; Plaintiff has failed to state a cause of action under RICO and of conspiracy and fraud; Plaintiff's claims are barred by the statute of limitations; and Plaintiff has no standing to assert many of his claims. (Document No. 34.) Chemical Alliance Zone, Inc., asserts that Plaintiff has failed to indicate any wrongdoing on its part, has failed to indicate an enterprise and predicate

acts under RICO, has no standing to assert claims on behalf of individuals other than himself and is barred by the applicable statute of limitations. (Document No. 39.) Many of the Defendants complain that the Plaintiff's Amended Complaint is not in compliance with the "short and plain" and "simple, concise and direct" requirements of Rule 8 of the Federal Rules of Civil Procedure, call it vexatious and seek an award of fees and costs.

      Plaintiff has filed a Response to Jackson Kelly, PLLC's Motion to Dismiss. (Document No. 11.) Plaintiff asserts that he has named Jackson Kelly as a "person" and a member of an "enterprise" which engaged in a pattern of "racketeering activity" and "Jackson Kelly does not refute these allegations . . .." He further contends that any immunity which Jackson Kelly claims it has in litigating claims "does not include immunity for the commitment of criminal acts as defined in RICO . . .." He has filed a Response to the Motions of Bowles, Rice, McDavid, Graff and Love and Bob Kiss, Massey Coal, the National Institute of Chemical Studies, West Virginia Manufacturers Association, Peabody Investment Corp. and Eastern Associated Coal. (Document No. 35.) He has also filed a Response to the Motions of Mohammad Ranavaya and the American Board of Independent Medical Examiners, Brickstreet Insurance and Gregory S. Burton, Thomas J. Obrakta, Jr., James B. Becker and Randall L. Short and Christopher J. Martin and Edward J. Doyle. (Document No. 38.) In these Responses, Plaintiff calls this action a "complex case" and insinuates that the Court should proceed accordingly. Plaintiff further states that the District Court should consider his request for injunctive relief and dismiss altogether or defer ruling upon the motions to dismiss until trial.

      Replies to Plaintiff's Responses have been filed by Peabody Investment Corp. and Eastern Associated Coal (Document No. 52.); Massey Coal (Document No. 53.) Brickstreet Insurance

(Document No. 54.); Christopher J. Martin and Edward J. Doyle (Document No. 55.); Gregory S. Burton, Thomas J. Obrakta, Jr., James B. Becker and Randall L. Short (Document No. 56.); West Virginia Manufacturers Association (Document No. 57.); and National Institute of Chemical Studies (Document No. 58.). These Defendants contend that in responding, Plaintiff has not addressed the issues which they have raised in requesting the dismissal of his claims.

## THE STANDARD

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corporation v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)(reference to Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), omitted.) Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the Plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief could be granted under any set of facts which could be proven consistent with the allegations. Deference is given to *pro se* Complaints. *See* Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30

L.Ed.2d 652 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## DISCUSSION

### A. Dismissal Pursuant to Rule 12(b)(6).

To state a claim upon which relief may be granted under RICO, Plaintiff must indicate in the allegations contained in his Complaint that Defendants participated in an enterprise through a pattern of racketeering activity and Plaintiff was injured in his business or property as a result of Defendants' conduct. Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 235 (4th Cir. 2004)("To withstand a motion to dismiss for failure to state a RICO claim, a plaintiff must plausibly allege at least two predicate acts of racketeering."); Mylan Laboratories, Inc., v. Matkari, 7 F.3d 1130, 1135 (4th Cir. 1993). The Fourth Circuit Court of Appeals has stated that "an enterprise . . . is . . . an ongoing organization, formal or informal, in which the various associates function as a continuing unit. The enterprise must be distinct from the persons alleged to have violated § 1962(c)." Palmetto State Medical Center, Inc., v. Operation Lifeline, 117 F.3d 142, 148 (4th Cir. 1997)(Citation omitted). Extortion in violation of 18 U.S.C. § 1951 is racketeering activity. 18 U.S.C. § 1961(1). 18 U.S.C. § 1951(b)(2) provides that "[t]he term 'extortion' means the obtaining of property from another, with his consent, induced . . . under color of official right."See Sheidler v. National Organization for Women, 537 U.S. 393, 404, 123 S.Ct. 1057, 1065, 154 L.Ed.2d 991 (2003)( "[W]e have construed the extortion provision of [18 U.S.C. § 1951] to require not only the

deprivation but also the acquisition of property . . ..")

The undersigned finds that while Plaintiff has written his Complaint to include all of the elements of a RICO claim, Plaintiff has failed to state or indicate any plausible factual basis in support of the RICO elements and therefore his Complaint must be dismissed. First, the allegations in the Complaint do not implicate extortion or any other crime amounting to racketeering activity. The undersigned finds that Plaintiff has failed to state any circumstances indicating that Defendants unlawfully obtained any property from him with his consent. Second, the undersigned finds that Plaintiff's claim respecting his termination as a Workers' Compensation provider may be viewed as similar to the many retaliatory discharge cases in which Plaintiffs have asserted that they were terminated because they refused to cooperate with their employers' alleged racketeering schemes. See Corporate Healthcare Financing, Inc., v. BCI Holdings Co., 444 F.Supp.2d 423, 432 (D.Md. 2006). As District Judge Blake indicated in Corporate Healthcare, the injury in those cases did not result from a RICO violation; rather, it resulted from the employees' termination. Likewise, in the case *sub judice*, the injury which Plaintiff alleges resulted from his termination as a Workers' Compensation provider, not from any scheme of Defendants to extort or defraud. Plaintiff's assertion that the circumstances which he details in his Complaint amount to racketeering activity and particularly extortion is conclusory and insufficient to support his claim. Bass v. E.I. Dupont de Nemours& Co., 324 F.3d 761, 765 (4th Cir. ), cert. denied, 540 U.S. 940, 124 S.Ct. 301, 157 L.Ed.2d 253 (2003); Eastern Shore Markets, Inc., v. J.D. Associates Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000)("While we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusion drawn from the facts."); Corporate Healthcare Financing, Inc., v. BCI Holdings Co., 444 F.Supp.2d 423, 431 (D.Md. 2006)("[O]n a motion to dismiss, '[i]t is the duty of

this court to seek the truth from the facts forming the basis of the plaintiff's claims and not to be beguiled by the conclusory allegations of the pleadings,'" quoting Cardwell v. Sears Roebuck & Co., 821 F.Supp. 406, 409 (D.S.C. 1993)). Plaintiff's assertion that Defendants committed RICO violations by denying Workers' Compensation claims through fraudulent official and legal proceedings fails to state a claim for which relief can be granted because no racketeering activity is implicated in the assertion. Even assuming that the alleged conduct might conceivably constitute racketeering activity, there is no indication that the alleged conduct proximately caused any injury to Plaintiff, and Plaintiff lacks standing to pursue it. See Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 126 S.Ct. 1991, 1998, 164 L.Ed.2d 720 (2006)("When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries.").

Construing the allegations of Plaintiff's Amended Complaint in a light most favorable to the Plaintiff, assuming the alleged facts to be true and reading the allegations liberally as the Court must in view of Plaintiff's *pro se* status, the undersigned finds that it is clear as a matter of law that no relief could be granted under RICO under any set of facts which Plaintiff could raised in the context described in his Amended Complaint. Accordingly the undersigned concludes, and hereby respectfully recommends, that Defendants' Motions should be granted and Plaintiff's Amended Complaint (Document No. 4.) should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      **B.**    <u>**Dismissal Pursuant to Rule 41(b).**</u>

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff . . . to comply with these rules . . ., a defendant may move for dismissal of an action or of any claim

against the defendant." While the District Court is required to construe the statements and assertions of *pro se* litigants contained in their pleadings and other documents liberally and this may logically permit *pro se* litigants some latitude in meeting the pleading requirements of Rule 8(a)("a short and plain statement of the claim showing that the pleader is entitled to relief") and Rule 8(e)(1)("Each averment of a pleading shall be simple, concise, and direct.") of the Federal Rules of Civil Procedure, *pro se* litigants are nevertheless not excused from abiding by these standards and their lengthy, repetitive and confusing *pro se* pleadings may be dismissed without prejudice even though they indicate potentially cognizable claims. Holsey v. Collins, 90 F.R.D. 122 (D.Md. 1981); Barsella v. United States, 135 F.R.D. 64 (S.D.N.Y. 1991); Barnard v. Beckstrom, 2007 WL 1558525 (E.D.Ky.). The undersigned further notes that Rule 10(b) requires that "[a]ll averments of claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . .. Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth."

The undersigned finds that Plaintiff's 191 page Amended Complaint is quite clearly not in compliance with Rule 8(a), Rule 8(e)(1) and Rule 10(b) of the Federal Rules of Civil Procedure and should be dismissed in view of Defendants' complaints about it. The undersigned therefore proposes that while Plaintiffs' Amended Complaint should be dismiss with prejudice pursuant to Rule 12(b)(6), it also may be dismissed without prejudice pursuant to Rule 41(b).

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDED** that the

District Court **GRANT** Defendants' Motions to Dismiss (Document Nos. 6, 9, 13, 15, 17, 19, 21, 23, 26, 28, 33 and 39), **DISMISS** this action and **REMOVE** it from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation, to mail a copy to Plaintiff, who is acting *pro se*, and send or deliver a copy to counsel of record.

Date: February 12, 2008.

R. Clarke VanDervort
United States Magistrate Judge

11