IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MICHAEL MERRITT KOSTENKO,

    Plaintiff,

v.                                    CIVIL ACTION NO. 5:07-cv-00462

MOHAMMAD RANAVAYA, et al.,

    Defendants.

**MEMORANDUM OPINION**

Pending before the Court are the 12(b)(6) Motions to Dismiss of Defendants Jackson Kelly, PLLC [Docket 6], Mohammed Ranavaya, M.D. and the American Board of Independent Medical Evaluation, Inc. [Docket 9], Peabody Investment Corp. and Eastern Associated Coal, LLC [Docket 13], Brickstreet Insurance [Docket 15], Gregory S. Burton, Thomas J. Obrakta, Jr., James B. Becker, and Randall L. Short [Docket 17], West Virginia Manufacturer's Association [Docket 19], National Institute of Chemical Studies [Docket 21], Massey Coal [Docket 23], Bowles, Rice, McDavid, Graff and Love and Bob Kiss [Docket 26], Christopher J. Martin and Edward J. Doyle [Docket 28], Darrell McGraw [Docket 33] and Chemical Alliance Zone [Docket 39]. Also pending before the Court is Plaintiff's Response to Magistrate Judge VanDervort's Proposed Findings and Recommendation (PF&R) [Docket 66]. In his response, Plaintiff alleges that permission to amend his complaint will allow him to cure the defects identified by the magistrate judge. Because Plaintiff is proceeding *pro se*, the Court liberally construes his Response as a motion to file a second

amended complaint. *See Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) (affording a *pro se* litigant a "reasonable opportunity" to pursue his claims).

By Standing Order entered August 1, 2006, and filed in this case on July 27, 2007, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of Proposed Findings of Fact and a Recommendation (PF&R) pursuant to 28 U.S.C. § 636(b)(1)(B). On February 12, 2008, Magistrate Judge VanDervort filed his PF&R, recommending that Defendants' Motions to Dismiss [Dockets 6, 9, 13, 15, 17, 19, 21, 23, 26, 28, 33 and 39] be granted and Plaintiff's case be dismissed.

## I. BACKGROUND

The factual and procedural background of this case is set forth more fully in the PF&R. In short, Plaintiff Michael Merritt Kostenko, a doctor of osteopathy licensed in West Virginia and a provider of medical services through West Virginia's Workers' Compensation Commission (WCC) from 1990 to 2005, filed a Complaint in this Court on July 27, 2007, and amended the Complaint on August 2, 2007, alleging that all twenty-two defendants formed an enterprise with the purpose of "limit[ing] the cost of occupational disease and environment disease by the fraudulent concealment of occupational toxicant hazards inherent to industry in West Virginia, and the fraudulent concealment of the evidence of worker occupational disease." (Docket 4 at 9.) Plaintiff seeks monetary and injunctive damages under the RICO statute, 18 U.S.C. §§ 1961-68, for termination of his status as a provider of medical services through the WCC and allegedly fraudulent denial by the WCC of certain worker's compensation claims.

## II. ANALYSIS

*A.     Objections to the PF&R*

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge VanDervort's PF&R were due by March 3, 2008, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Plaintiff timely filed his Response to the PF&R [Docket 66] on February 21, 2008. In that filing, Plaintiff conceded that "the [c]omplaint as submitted does not permit further action." (*Id*. at ¶ 3.) Thus, because Plaintiff does not object to the PF&R, the Court **ADOPTS** the PF&R in its entirety.

*B.     Motion to Amend*

Although Plaintiff consents to the dismissal of the complaint as filed, he contends that permission to amend his complaint will allow him to cure the defects identified by the magistrate judge, namely his failure to state a claim under the RICO statute and his failure to comply with Rule 8(a), Rule 8(e)(1), and Rule 10(b) of the Federal Rules of Civil Procedure. In support of his motion, Plaintiff relies on *Denton v. Hernandez*, 504 U.S. 25 (1992). Plaintiff's reliance on *Denton*, however, is misplaced. In that case, the Supreme Court addressed a district court's discretion to dismiss a *pro se* case as frivolous under the federal *in forma pauperis* statute, 28 U.S.C. § 1915, without granting leave to amend the complaint. It did not address a district court's discretion to dismiss a complaint without granting leave to amend under Rule 12(b)(6) for failure to state a claim

3

upon which relief may be granted, as is the case here. Thus, *Denton* is inapplicable to the Court's analysis here.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. Pursuant to Rule 15(a), a party is permitted to amend a pleading "once as a matter of course at any time before a responsive pleading is served." In this case, Plaintiff timely amended his complaint on August 2, 2007, before any Defendant had filed a motion to dismiss. (Docket 4.) Once a responsive pleading has been served, however, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Here, Defendants filed responsive pleadings between August 10, 2007, and September 10, 2007, and Plaintiff properly sought leave of court to amend his complaint.

District courts have discretion to allow a party to amend a pleading under Rule 15(a). *Wildauer v. Frederick County*, 993 F.2d 369, 372 (4th Cir. 1993) (citations omitted). Where a scheduling order has been entered, the order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions[,]" and "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). There is currently no scheduling order setting a firm deadline for the amendment of pleadings, therefore, Rule 16(b)'s good cause requirement is not applicable. *See Smith v. School Bd. of Orange County*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (upholding district court's denial of *pro se* plaintiff's motion to amend complaint because motion was filed after scheduling order's deadline and no good cause was shown). Although the Court is not constrained by the good cause requirement, it is required to give leave freely where justice so requires.

4

Ordinarily, a dismissal under Rule 12(b)(6) "is not final or on the merits." *Ostrzenski v. Seigel*, 177 F.3d 245, 252 (4th Cir. 1999). Although the preference for deciding cases on the merits generally weighs in favor of allowing plaintiffs to amend their complaint, "[a]mendment should be refused only if it appears to a certainty that plaintiff cannot state a claim." *Id.* at 253. This is particularly true where the defects in the complaint are formal in nature. *Id.* Where amendment would be futile or prejudicial to the defendants, however, courts have discretion to deny amendment and dismiss a plaintiff's claim. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, justice does not require the Court to grant Plaintiff leave to amend. The defects in the amended complaint are both formal and material. As the magistrate judge correctly pointed out, the complaint does not conform to the requirements of the Federal Rules of Civil Procedure that the allegations to be "short," Rule 8(a), "simple," "concise," "direct," Rule 8(e)(1), and "made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances," Rule 10(b). More importantly, however, "Plaintiff has failed to state or indicate *any plausible factual basis* in support of the RICO elements." (Docket 65 at 8) (emphasis added). Thus, the Court **FINDS** that Plaintiff can assert no set of facts from the basis of his complaint that would entitle him to relief and accordingly **DENIES** Plaintiff's motion to amend [Docket 66].

The Court retains discretion to dismiss a case under Rule 12(b)(6) with or without prejudice. *See, e.g.*, *St. Clair v. Banker Steel Co.*, No. 6:06CV00042, 2007 WL 45785 (W.D. Va. Jan. 5, 2007). Although the factual basis of Plaintiff's complaint falls far short of stating a claim upon which relief may be granted, he nevertheless contends in his response to the PF&R that he "can satisfy the context in which the facts of the claim . . . would allow relief." (Docket 66 ¶ 5.) Based on a review

5

of Plaintiff's amended complaint, this contention seems dubious at best.  An additional basis for his motion is mere conclusory statement that he "can comply with Rule 8(a), Rule 8(e)(1) and Rule 10(b)."  (*Id.* at ¶ 6.)  To date, Plaintiff has had two "bites at the apple" and has yet to allege a set of facts sufficient to withstand a Rule 12(b)(6) motion to dismiss. Nonetheless, the complaint will **DISMISSED WITHOUT PREJUDICE** and Plaintiff will be given an opportunity to meet the requirements of Rule 12(b)(6) only by re-filing his complaint in a subsequent lawsuit, in which he should be careful to comply with the Rules of Civil Procedure as they apply to pleadings.

### III.  CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the PF&R [Docket 65] in its entirety and therefore **GRANTS** Defendants' Motions to Dismiss [Dockets 6, 9, 13, 15, 17, 19, 21, 23, 26, 28, 33 and 39].  The Court accordingly **DENIES** Plaintiff's Motion to Amend [Docket 66], and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint [Docket 1].  A Judgment Order will enter this day implementing the ruling contained herein.

ENTER:     March 12, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE